HAWKINS, Judge.
 

 Upon conviction for the unlawful transportation of intoxicating liquor appellant’s punishment was fixed at confinement in the penitentiary for one year.
 

 For some reason not disclosed by the record the sheriff appears to have been watching appellant, and saw him approaching a wagon yard. He seemed to be concealing something under the skirt of his coat. The sheriff followed and as he entered the gate of the wagon
 
 *649
 
 yard appellant glanced back and seeing tbe sheriff broke into a ran around a house. The sheriff ran around the other way, he and appellant meeting at the comer. The officer saw him throw two bottles down. One broke, the other did not. The unbroken bottle was full of whisky; there was sufficient left of the other bottle to detect that whisky had been in it. Appellant denied having any whiskey. He claimed that the sheriff did not secure the whiskey and broken bottle at the point where appellant was apprehended, but says the sheriff scratched around in a trash pile some eight or ten feet from where he arrested appellant and there found the whiskey and broken bottle. Appellant’s wife testified that he was wearing no coat the day of the arrest. Another witness who saw him as he was going towards the wagon yard testified to the same fact. On the other hand a witness who was at the sheriff’s office when appellant was brought in immediately after the arrest testified positively that he had on a thin coat of some kind- These were questions of fact for the jury.
 

 No exceptions were reversed to the court’s charge. It seems to have protected appellant’s nights in every particular. The only bills of exception found in the record relate to the argument of the district attorney. . He said:
 

 "Any man who would peddle such stuff as this (holding up and referring to the bottle and its contents which had been introduced in evidence by the state) ought to be sent to the penitentiary.” And again:
 

 "I want you to help me rid Wilbarger County of bootleggers and show these fellows that the people of Wilbarger County will not. tolerate such business.”
 

 We are unable to observe anything particularly vicious or uncalled for in these statements of the district attorney. It is not that character of argument which calls for a reversal.
 

 Another argument to which objection was interposed was as follows:
 

 "The churches demand of you that you do your duty and convict in cases like this, and I want you to stand by me in the enforcement of the law and return a verdict of guilty.”
 

 It appears from the explanation to the bill that immediately upon the statement being made the court stopped the district attorney, reproved him for making it and at that time orally instructed the jury not to consider the same, and at appellant’s request also gave a written instruction to the same effect. The statement should not have been made by the district attorney and the court’s action relative to it was proper. However, in view of the prompt action of the court relative to the matter, and the fact that only the lowest penalty
 

 
 *650
 
 was awarded upon facts which seem clearly to justify it, we are not called upon to reverse because of said statement.
 

 The judgment is ordered affirmed.
 

 Affirmed.